UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHIRLEY BARKLEY, ) | |
| ) | |
| Petitioner, ) | Case No. 1:06-cv-78 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| BAY TOWNSHIP, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

## **OPINION**

Petitioner Shirley Barkley purports to bring this habeas corpus action pursuant to 28 U.S.C. § 2241.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES (applicable to § 2241 petitions under Rule 1(b)) ; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed for lack of subject matter jurisdiction because Petitioner is not "in custody."

## Discussion

A petition for habeas corpus is a challenge to the fact or duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). In order for the Court to have subject matter jurisdiction over this matter, Petitioner must have been "in custody" at the time she filed her petition. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a). Title 28 U.S.C. §§ 2241(c)(3) and 2254(a) require that a habeas petition be filed when a person is "in custody in violation of the Constitution or laws or treaties of the United States." An incarcerated convict's challenge to the validity of his conviction satisfies the "in custody" requirement of 28 U.S.C. §§ 2241(c)(3) and 2254(a). *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A prisoner who is placed on parole likewise satisfies this requirement because his or her release is not unconditional – the parolee is required to report regularly to his parole officer, remain at a given job, residence, and community, and refrain from certain activities. *Jones v. Cunningham*, 371 U.S. 236, 242 (1963); *see also Maleng v. Cook*, 490 U.S. 488, 491 (1989) (*per curiam*).

Petitioner's two-page petition contains few specific facts. It appears that Petitioner participated in some type of state judicial proceedings in 2002, the result of which was the forfeiture or seizure of real property. She does not allege or show that she was incarcerated or on parole or probation at the time she filed the instant petition. Because Petitioner is not "in custody," the Court lacks subject matter jurisdiction over her action.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 for lack of subject matter jurisdiction because Petitioner is not "in custody."

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims.  *Id.*

The Court finds that reasonable jurists could not find that this Court's dismissal of the petition for lack of subject matter jurisdiction was debatable or wrong because Petitioner is not "in custody."  Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Date:   February 10, 2006              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE